UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. VILLALTA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. CATES, Warden; CDCR PAROLE BOARD, Medical Covid-19; BAKER, CDCR Records; and N. GONZALEZ, Counselor<br><br>    Defendants. | Case No. 1:21-cv-01457-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO OBEY COURT ORDER AND PROSECUTE ACTION<br><br>14-DAY DEADLINE |

Plaintiff Jose Villalta is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On November 28, 2022, the undersigned screened Plaintiff's complaint and found that it failed to state a cognizable claim against any defendant. (Doc. No. 10). The Court gave Plaintiff three options: (1) file an amended complaint; (2) file a notice that he intends to stand on his original complaint subject to the undersigned recommending the district court dismiss the original complaint; or (3) file a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). (*Id*. at 4-5). Plaintiff was given twenty-one days to exercise

one of the three aforementioned options. (*Id*. at 5). As of the date of this order, Plaintiff has not exercised any of the three aforementioned options and the time to do so has expired.

## APPLICABLE LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1)the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its

docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Further, the screening order already determined the operative pleading failed to adequately state a meritorious claim.

Finally, the Court's warning to a party that failure to obey the court's order will result in

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's November 28, 2022, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 10 at 5, 7-11). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   January 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE